TAKESHI NAKAZATO,                    )    CIVIL ACTION NO. 83-0001
                                     )
          Plaintiff,                 )
                                     )
               vs.                   )        DECISION
                                     )
MICROL CORPORATION, INC.             )
                                     )
          Defendant and Cross-)
          Claimant,                  )
                                     )
               vs.                   )
BANK OF GUAM,                        )
                                     )
          Defendant and Third-)
          Party Plaintiff,           )
                                     )
               vs.                   )
                                     )
SIMON I. KAPILEO,                    )
                                     )
          Third-Party Defendant.)
                                     )
_____)

          Plaintiff Nakazato brings this Motion for Summary
Judgment against defendant Microl Corporation on the issues of
breach of warranty of title and liability for violation of the
Consumer Protection Act (33 TTC § 353), and against defendant
Bank of Guam on the issues of conversion and liability for
violation of 33 TTC § 353.  For the reasons set forth below, the
Motion is granted as against Bank of Guam and denied as against
Microl Corporation.

888

The facts relevant to this Motion are as follows:

On February 19, 1982, plaintiff Nakazato purchased from Microl Corporation a 1979 Toyota Cressida for $1,700. Plaintiff paid cash for this automobile. At the time of sale, Nakazato was told by Francisco Sablan, Sales Manager at Microl, that there had been an outstanding lien on the automobile, but that it had been paid off by Microl, and that as soon as Microl received the Certificate of Ownership from the Bank of Guam it would be immediately passed on to Mr. Nakazato.

On February 17, 1982, Mr. Sablan had contacted Bank of Guam and requested it to provide a pay out figure to clear any lien or encumbrance upon the Toyota Cressida. Bank of Guam informed Mr. Sablan that the pay out sum was $976.96, whereupon Mr. Sablan caused a check in that amount to be cut by Microl and hand carried to the Bank of Guam for the purpose of paying off the lien. Upon payment of the pay off amount, Microl expected to receive the Certificate of Ownership on the Toyota Cressida, as is the common regular practice in the finance and transfer of motor vehicles between dealers and banks in the CNMI. The Bank of Guam did not, however, give the Certificate of Title to Microl at that time.

Nakazato subsequently made several inquiries to Microl regarding the Certificate of Title, and Microl in turn requested Bank of Guam to surrender the certificate. For various reasons, none of which have been clearly stated, Bank of Guam failed or refused to give the Certificate of Title to Microl. The Court

889

can and does infer, however, from the facts that Bank of Guam's failure or refusal was due to the existence of a second lien on the vehicle the amount of which exceeded $4,000.

On October 20, 1982, while Nakazato was visiting Japan, the Bank of Guam went to Nakazato's premises, where the Toyota was located, and over Nakazato's brother's protests, took the vehicle away, telling his brother that Nakazato owed the bank money on the car.

Upon his return from Japan on October 30, 1982, Nakazato went to Microl Corporation and demanded an explanation as to why the car had been taken, and again requested the Certificate of Title to the vehicle. At this time, an employee of Microl Corporation informed him that the Bank of Guam was claiming a second lien on the vehicle.

The following Monday Nakazato went to Bank of Guam, informed them that he had paid Microl $1,700 for the car and showed them his receipt from Microl. He told Bank of Guam that Microl had informed him on October 30, 1982 that they had paid off Bank of Guam's lien in February, 1982. He demanded that Bank of Guam return the vehicle to him.

The bank's employees, after discussing the matter, told Nakazato that they were the legal owners of the vehicle, that the bank had a valid lien on the vehicle and that they would not give him the vehicle. Nakazato returned to Microl Corporation and informed them of the Bank of Guam's position.

/!/

Microl Corporation again demanded that Bank of Guam deliver the Certificate of Title, and threatened legal action if this was not immediately done. Shortly thereafter, Bank of Guam delivered the Certificate of Title to Microl and tendered return of the vehicle to Nakazato. Nakazato refused to accept the vehicle.

Nakazato claims as part of his damages $1,800 which he spent to obtain a Toyota pick-up truck. There is a question as to the time of this purchase and whether or not it can properly be included in the measure of damages. This issue is not now before us, however, and we limit this judgment to the issues as stated above.

## ANALYSIS

Summary judgment is proper if, when viewing the **evidence in the light** most favorable to the party opposed to the **motion, the movant is** entitled to judgment as a matter of law. **The trial court may** grant the motion for summary judgment only **when no material** questions of fact remain. Santos v. Scindia Steam Navigation Co., 598 F.2d 480, 483 (9th Cir. 1979). Adickes v. S.H.Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Radobenko v. Automated Equipment Corp., 520 F.2d 540 (9th Cir. 1975). Accordingly, the Court must consider whether there exists any genuine issue of material fact. Izuka v. Camacho, D.C.Civ.App. No. 81-0036; U.S. v. First National Bank, 652 F.2d 882, 887 (9th Cir. 1981).

A.  Breach of Warranty

As to plaintiff's Motion for Summary Judgment against defendant Microl Corporation on the issues of breach of warranty of title and violation of the Consumer Protection Act, the Court finds that there exist genuine issues of fact which can only be resolved at trial, and therefore, the motion is denied.

Plaintiff alleges that Microl breached the warranty of title at the time of sale in that there was an outstanding lien on the vehicle at the time, and the Certificate of Title was in the name of Bank of Guam.

Microl asserts, by affidavit, that the lien on the vehicle was paid off by Microl Corporation the day before sale of the vehicle to plaintiff by a check to the Bank of Guam, setting forth (in the check description portion) exactly what the payment was for.  The information regarding the net pay-off amount was provided by and received from the Bank of Guam.  The day following transmittal of the check plaintiff received a bill of sale from Microl Corporation asserting that there were no liens or encumbrances on the vehicle.

Thus, Microl Corporation asserts, it had full right and title to the vehicle and complete authority to sell it, and, as a matter of law, Bank of Guam is estopped to assert any additional lien rights in the vehicle after providing Microl with a pay out figure (see below).  This is true even assuming, arguendo, that Microl was aware at the time it requested a pay out figure that the original owners had taken out a second, third, or even fourth

loan on the vehicle.  It requested a pay out amount from the lienholder, received a figure and paid this amount.  The payment was accepted by the lienholder, and as a matter of law estops the lienholder from asserting, and for purposes of this case, extinguishes any other existing lien rights  the bank may have had against Microl Corp. or its transferees.

There is a question, however, as to the extent to which Microl fulfilled its duty to transfer good title to plaintiff in that the Certificate of Title was not obtained from the bank until after the car had been taken from plaintiff.  The evidence is conflicting as to the extent of inquiries made by Microl to. the bank regarding delivery of the Certificate of Title.  This is a question of fact and must be resolved at trial.

Because the claim for violation of the Consumer Protection Act depends largely upon the same evidence necessary . to establish breach of warranty, plaintiff's Motion for Summary Judgment on this issue is also denied.

### B.  Conversion

Plaintiff contends that Bank of Guam's actions in removing the subject vehicle from plaintiff's property amount to conversion of the vehicle.  The bank answers that conversion can only be found by an essentially tortious act which cannot be justified or excused in law.  The acts of the Bank of Guam, it argues, were not tortious and they are justified or excused in law in that the bank was the legal owner of the vehicle and had a

lien interest therein. The repossession, the bank argues, was done under a security agreement and for the purpose of satisfying a secured loan.

The Bank of Guam admits that it provided Microl with a pay out figure in response to Microl's request for such, but contends that the figure provided was only to pay off the balance due under an initial dealer loan agreement which provided financing for the vehicle. There was at that time, and remaining at least until October 20, 1982, another loan taken out by the original owner from the Bank of Guam and also secured by the vehicle, in the approximate amount of $4,000. The Bank of Guam simply asserts that the pay off amount on this separate loan was not provided to Microl, but it does not give any clear reason for its failure to include it in Microl's request for a figure which would clear any liens or encumbrances on the vehicle.

The bank variously asserts that the two separate loans were kept in different file drawers, and/or that it had no reason to believe that Microl wished to pay off all encumbrances upon the vehicle, and/or it provided Microl with the pay out amount only on the dealer loan agreement because Microl was contractually obligated to pay that amount. These arguments pale into nothingness when considered in the light of the relationship between them -- a car dealer and a bank in the business of financing car loans. What is more believable is that the employees of the bank made an error in not including the second loan amount in the pay off figure; an error which was exacerbated

when the vehicle was taken from plaintiff's property without his permission.

It is the normal business of Microl Corporation to sell automobiles and necessarily to transfer good title thereto. The Bank of Guam was aware of this when it provided Microl with a pay off figure. It is simply not reasonable to conclude that Bank of Guam actually expected or intended to maintain a security interest in this vehicle after a pay out figure was requested and actually paid to the bank.

Moreover, the undisputed facts show, that in response to a specific request from Microl Corporation to provide it with a pay off figure to extinguish all liens and encumbrances upon the subject vehicle, Bank of Guam quoted a figure of $976.96. Microl, in good faith reliance on such figure immediately tendered payment of this amount, which payment was accepted by Bank of Guam. In further reliance on the bank's quotations, Microl sold the vehicle to an innocent third party, assuring this party that Microl would deliver the Certificate of Title to the vehicle just as soon as it was received from the bank. The bank never delivered the certificate, though it had accepted Microl's payment in extinguishment of all liens. The bank is estopped to claim, under these facts, a lien on the vehicle against, at least, the plaintiff. Its subsequent taking of the vehicle from the owner's premises without the owner's permission, and refusal thereafter to return it upon the owner's demand, was a tortious act without justification or excuse under the law.

895

The Court finds that it is immaterial whether or not the bank held a valid second lien upon the vehicle at the time Microl made its request for a pay off figure. The bank provided a pay off figure, which figure was reasonably relied upon by Microl, and subsequently by plaintiff, as having fully extinguished all liens on the vehicle. The bank was, from that moment on, estopped to assert against Microl Corporation or plaintiff any additional liens on the vehicle, it having waived any such right thereto by accepting Microl's check for the quoted amount.

Thus, the bank was not the owner of the vehicle, nor did it have any interest therein, at the time the vehicle was taken from the plaintiff's property. The taking therefore amounts to conversion and summary judgment is granted for plaintiff against Bank of Guam on this issue.

Plaintiff alleges the same facts as above in support of his claim for violation of the Consumer Protection Act. Defendant Bank of Guam argues that the Consumer Protection Act was not intended to apply to a situation such as this, but rather, was intended to prohibit only acts which constitute deception or are intended to fool the consumer. The Court finds no merit whatsoever in this argument.

///
///
///
///

896

The Consumer Protection Act is broadly worded and is meant to be construed liberally to provide protection of all kinds to the consumer. Bank of Guam's actions here easily fall within its provisions, and plaintiff's motion is also granted in regard to the claim for violation of the Act.

The issue of damages is not before the Court in this motion and thus the measure of damages will be determined according to the evidence presented at trial.

DATED this 2nd day of February, 1984.

_____
JUDGE ALFRED LAURETA